# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

JIMMY SEE                                                    CIVIL ACTION
(DOC# 105342)

VERSUS

JAMES D. CALDWELL,                                          NO. 10-314-D-M2
JR., ET AL

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 14 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, September 9, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

JIMMY SEE                                             CIVIL ACTION
(DOC# 105342)

VERSUS

JAMES D. CALDWELL,                                    NO. 10-314-D-M2
JR., ET AL

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by Jimmy See ("See").  The State of Louisiana, through the Louisiana Department of Public Safety and Corrections ("the Department"), has filed a response (R. Doc. 10) to See's habeas petition.

## FACTS & PROCEDURAL BACKGROUND

See was convicted of aggravated burglary and attempted second degree murder and was released on parole on August 13, 2003, with an expiration date of June 30, 2023. On January 7, 2005, he was arrested on charges of aggravated rape and simple kidnapping.  He was subsequently billed with simple battery and pled guilty to that charge on April 13, 2005.  On June 23, 2005, following a final revocation hearing, the Louisiana Parole Board ("the Board") revoked See's parole after determining that he was guilty of violating the conditions of his parole by having been arrested for aggravated rape and simple kidnapping and by having pled guilty to simple battery.  According to the revocation record, See pled guilty to the parole violation with which he was charged at the final revocation hearing.

1

See filed a petition for judicial review of the Board's parole revocation decision with the 19th Judicial District Court, Parish of East Baton Rouge, alleging a violation of La. R.S.15:574.9.  A Commissioner for the 19th Judicial District Court reviewed the revocation record filed by the Board with the state district court as well as an audio recording of the final revocation hearing and issued a recommendation on January 16, 2008 that the Board's revocation decision be affirmed.   The state district court adopted the Commissioner's recommendation and affirmed the Board's revocation decision on February 15, 2008.  See appealed the district court's decision to the Louisiana First Circuit Court of Appeals, which affirmed that decision on May 8, 2009.   The First Circuit also denied petitioner's request for a rehearing on June 19, 2009.  See then applied for writs to the Louisiana Supreme Court, and that application was denied on April 16, 2010.

Finally, on or about May 3, 2010, See filed the present habeas petition with this Court challenging his parole revocation on the following grounds:  (1) that the state court proceedings were defective because the First Circuit Court of Appeals affirmed the district court's decision despite the fact that the First Circuit set a "due date" for the Board to file an appellate brief and the Board failed to do so; (2) that the state courts erred when they refused to find that See was held by an "illegal" warrant issued by the Board, which did not contain a supporting affidavit; (3) that the state courts failed to acknowledge that the Department has admitted in a "legal document" that it is illegally detaining him; and (4) that his detention is illegal because there is no "judge signed" commitment order to hold him in confinement.   The Department concedes that See has properly exhausted his

2

administrative and state judicial remedies prior to filing his present habeas petition.[1] However, it contends that his habeas petition should nevertheless be dismissed for lack of merit.

## LAW & ANALYSIS

As a preliminary matter, the undersigned agrees with the Department that See's habeas petition fails to satisfy either of the legal standards warranting federal habeas relief. In order for this Court to grant an application for a writ of habeas corpus as to any claim which has been previously adjudicated on the merits in state court, as with the present case, the Court must find that adjudication of such claim:  (1) resulted in a decision that is contrary to, or involves an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that is based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d)(1) and (d)(2).  In addition, determinations of factual issues made by state courts shall be presumed correct, unless particular statutory

---

[1] The Department is correct concerning exhaustion.  Pursuant to La. R.S. 15:574.11, the state district court shall have appellate jurisdiction over pleadings alleging a violation of R.S. 15:574.9 (*i.e.*, the state statute governing revocation of parole for violations of parole conditions, which See alleges the Board violated in his petition for judicial review).  The review shall be conducted by the district court without a jury and shall be confined to the revocation record.  Within thirty (30) days after service of the petition, or within further time allowed by the court, the Board of Parole shall transmit to the reviewing court the original or a certified copy of the entire revocation record of the proceeding under review.  The district court may affirm the revocation decision of the Board or reverse and remand the case for further revocation proceedings.  An aggrieved party may appeal a final judgment of the district court to the appropriate court of appeal.  If dissatisfied with the decision of the court of appeal, the aggrieved party may seek supervisory review by the Louisiana Supreme Court. Because See proceeded through all steps of the state judicial review process, he properly exhausted his claims prior to filing his present federal habeas petition.

exceptions to 28 U.S.C. § 2254(d) are implicated, and the applicant has the burden of rebutting that "presumption of correctness" by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Williams v. Collins*, 16 F.3d 626 (5th Cir. 1994).

In his present habeas petition, See only vaguely refers to violations of his due process and equal protection rights.   For example, on page 6 of his supporting memorandum, petitioner contends that the state courts "refused to acknowledge the fact that a violation of due process has happened within [his] case," and on page 7, he states that he is "guaranteed under the Constitution to be and have equal protection of the law, as both the lower courts and the Custodian <u>refuse</u> to apply the law as written, a[nd] the law <u>must</u> be applied as written."[2]  He has failed to specifically identify any clearly established federal law that the state courts' decisions relating to his parole revocation violate or unreasonably apply.  Moreover, while he cites to several federal cases in his supporting memorandum, those cases concern general principles of law relating to due process and parole/probation revocations; he does not specifically demonstrate how the decisions of the

_____

[2] *See also,* Memorandum in Support of Petition for Writ of Habeas Corpus, R. Doc. 1-1, p. 9 (where petitioner states "[t]his Honorable Court has before it all Exhibits that . . . point to a Violation of law, as all case authority this Honorable Court as well as other courts has ruled on within due process of an <u>illegal</u> warrant shows a <u>Violation</u> of due process of law within petitioner's case under the Constitution, as the petitioner has an interest in his Conditional freedom, should be released as soon as possible"); p. 12 ("As the complaint alleges the facts of his case, that the petitioner is not being afforded equal protection of due process of law, and is being <u>illegally</u> held in confinement"); p. 13 ("Now in petitioner's rights as envisioned by both the United States Constitution Amendments & 6 and &14 and the La. Constitution of 1974 article &1. Origin of purpose of government, article &2, due process of law article &3 right to individual dignity and article &13, right of accused have all been <u>VIOLATED</u>, and considera[bly] respecting that petitioner has shown and prove "that the known remainder of his parole sentence has been (unlawful illegally) revoked upon the parole board, due to an <u>illegal warrant</u>" with <u>no</u> Affidavit").

state courts in his case contravene the principles of law set forth in that federal caselaw nor has he cited to any federal jurisprudence on point with this case demonstrating that the state court's factual and legal findings are incorrect.

Furthermore, to the extent See contends that the state courts' decisions in his case are contrary to or an unreasonable interpretation of any *state* law, such contention is beyond the scope of habeas review, as the U. S. Supreme Court has held that is it is not the province of a federal habeas court to reexamine state court determinations on state law questions. *Estelle v. McGuire*, 502 U.S. 62, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996), *cert. d*enied, 520 U.S. 1242, 117 S.Ct. 1847, 137 L.Ed.2d 1050 (1997)(Asserted violations of state law are no basis for federal habeas relief).[3]

Additionally, even assuming See's general references to violations of his due process/equal protection rights and to federal caselaw properly *allege* a violation of or an unreasonable application of federal law by the state courts, the undersigned's review of the state courts' decisions indicates that they are legally sound and that See has not presented any meritorious factual or legal basis for disagreeing with those decisions or for finding that they constitute a violation of his federal due process or other constitutional rights.  In connection with the revocation of parole, habeas corpus relief is a proper remedy only to

---

[3] Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law unless a federal issue is also presented. *Leblanc v. Quarterman*, 2008 WL 2330746 (N.D. Tex. 2008); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).  In the course of reviewing state proceedings, a federal court does not sit as a super state appellate court.  *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986); *Cook v. Morrill*, 783 F.2d 593 (5th Cir. 1986)(Federal courts will not review a state court's interpretation of its own law in a federal habeas corpus proceeding).

test the authority or jurisdiction of the Board and other aspects of due process which are applicable.[4]  The function of the court is to review the record upon which the Board revoked parole, and only if that record is wholly inadequate to sustain the action can it be deemed based on mere caprice and without reason.[5]  Courts may not and should not substitute their own judgment for that of the Board as to the revocation of parole, or pass on the sufficiency or reliability of the information on which the parole revocation was based.  The question whether a parole violation has occurred may be raised in a habeas corpus proceeding only on the narrow basis that what was before the parole board compelled the conclusion, as a matter of law, that there had been no violation of conditional release or parole and that the Board acted without authority in making the revocation.[6]

As to See's first claim that the state court proceedings were defective because the First Circuit Court of Appeals affirmed the district court's decision despite the fact that the First Circuit set a "due date" for the Board to file an appellate brief and the Board failed to do so, the undersigned finds no violation of the above legal principles by the state courts.  Although the Board did not file an appellate response, it did file a certified copy of the revocation record into the state district court as required by La. R.S. 15:574.11, and the state district court properly considered and based its decision affirming See's parole revocation upon a review of that record.  The First Circuit similarly based its decision

_____

[4] 39 C.J.S. Habeas Corpus §184 (May 2010), citing *Hayes v. Taylor*, 324 F.2d 727 (10th Cir. 1963).

[5] *Id.*, citing *Pope v. Superior Court*, 9 Cal.App.3d 644, 88 Cal.Rptr. 488 (1st Dist. 1970); *U.S. ex rel. Carioscia v. Meisner*, 331 F.Supp. 635 (N.D.Ill. 1971).

[6] *Id.*, citing *Beatty v. Kearney*, 357 F.2d 667 (5th Cir. 1966).

affirming the state district court's decision upon a review of that record.  The Board was not required by law to file an appellate response but only an original or certified copy of the entire revocation record with the state district court, which it did.  As the Department notes in its opposition, the penalty for the Board's failure to file an appellate brief would not be the granting of habeas relief to petitioner but instead would be a sanction provided for in the Uniform Rules for Courts of Appeals, Rule 2-12.12, such as forfeiture of the right to oral argument on appeal.

See's second claim that he was held pursuant to an "illegal" warrant issued by the Board because it does not have a "supporting affidavit" has no support in federal or state jurisprudence.  The U.S. Supreme Court has recognized that probationers and parolees do not enjoy the same level of constitutional protections accorded to defendants suspected of a crime.  For example, in *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S.Ct. 2593, 2599, 33 L.Ed.2d 484, 491 (1972), the U.S. Supreme Court noted that:

> [R]evocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations . . . Revocation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions.

*Id.*  That rule has been extended by federal courts to apply to a parolee's Fourth Amendment rights relating to searches and seizures and to arrests of parolees without a warrant for violation of parole conditions.[7]  In fact, after considering federal jurisprudence

---

[7] *See, United States v. Rabb*, 752 F.2d 1320 (9th Cir. 1984), *cert. denied*, 471 U.S. 1019, 105 S.Ct. 2027, 85 L.Ed.2d 308 (1985)(where the defendant was arrested without a warrant for violation of parole conditions, and the court noted that a parolee, while free of prison walls, still remains under legal custody, making a parolee arrest more like "a mere transfer of the subject from constructive custody into actual or

on that subject in detail, the Texas Court of Criminal Appeals, in *Garrett v. State*, 791 S.W.2d 137 (Tex.Cr.App. 1990), specifically held that a parolee's constitutional rights are adequately protected, although the State fails to produce an affidavit in support of a parole violation arrest warrant, where the State produces other evidence substantiating the reason to believe the parolee violated the conditions of his parole.

The undersigned agrees with the reasoning and analysis of federal jurisprudence set forth in *Garrett* and finds that the mere failure of the State in this case to support the parole violation arrest warrant with an affidavit is insufficient to constitute a violation of See's constitutional rights, where the State had other evidence that See had violated the conditions of his parole by being arrested for two (2) felonies, such as the report of the arresting officer.  Additionally, as a matter of state law, the Louisiana Supreme Court has specifically rejected the jurisprudentially-created rule that an affidavit must accompany a parole revocation arrest warrant, summons, or rule.  *Lay v. Louisiana Parole Bd.*, 1998-

---

physical custody," rather than like an arrest of a private individual who is the suspect of a crime.  As a result, the parole arrest could be made without a warrant); *People v. Villareal*, 262 Cal.App.2d 438, 447, 68 Cal.Rptr. 610, 616 (Dist.Ct.App. 1968)(arrest of parolee for parole violation does not require probable cause); *Griffin v. Wisconsin*, 483 U.S. 868, 107 S.Ct. 3164, 97 L.Ed.2d 709 (1987)(upholding a warrantless search of a probationer's residence); *Latta v. Fitzharris*, 521 F.2d 246, 250 (9th Cir. 1975), *cert. denied*, 423 U.S. 897, 96 S.Ct. 200, 46 L.Ed.2d 130 (1975)(holding that a parolee's reasonable expectations of privacy are less than those of other citizens and concluding that, as long as a search of a parolee is reasonable, it is constitutional under the Fourth Amendment without a warrant); *Presley v. Morrison*, 950 F.Supp. 1298 (E.D.Pa. 1996)(Telephone call to probation officer from probationer's ex-girlfriend accusing probationer of attacking her, telephone call from police detective informing probation officer that arrest warrant provided probation officer with probable cause to believe probationer had violated condition of his probation prohibiting him from having physical contact with his ex-girlfriend, so as to justify probation officer's arrest of probationer, though affidavit of probable cause was not attached to copy of arrest warrant, and probation officer did not independent investigate ex-girlfriend's accusations).

0053 (La. App. 1st Cir. 4/1/99), 741 So.2d 80, 84; *State v. Black*, 97-0774 (La. 1997), 706 So.2d 423, 424-25(No affidavit need accompany a rule to revoke probation, a summons, detainer or a warrant in order to properly institute revocation proceedings); *State v. Duhon*, 95-2724 (La. 1996), 674 So.2d 944, 946.  Accordingly, See's second argument also lacks merit.

In his third claim, See contends that the Department admitted in a "legal document" that it is illegally detaining him and that, pursuant to the state case of *Sinclair v. Kennedy*, 96-1510 (La. App. 1st Cir. 9/19/97), 701 So.2d 457, his claims herein should be accepted as true.  The "legal document" to which See is referring is a Second Step ARP Response, wherein the following statement was made by the Department:  "Secondly, as a violator you are required by law to serve the balance owed as of release, therefore the Department of Public Safety and Corrections is illegally detaining you."  While the Department did state in that letter that it is "illegally detaining" See, the undersigned finds that, when the quoted sentence is read in the context of the entire ARP response, it is apparent that the use of the term "illegally" was an inadvertent, typographical error.  The undersigned agrees with the Department that the most likely explanation for the typographical error is that the word "not" was mistakenly omitted from the sentence and that the sentence should have stated that the Department " . . . is *not* illegally detaining you."

Furthermore, aside from the fact that the *Sinclair* case is a state law case, which demonstrates no violation of federal law on the part of the state courts in connection with this matter, such case has absolutely no applicability herein.  *Sinclair* holds that, for purposes of ruling on a peremptory exception of no cause of action in state court, a court must accept all well-pleaded facts in the petition and any annexed documents as true.  That

9

case does not require this Court to accept all statements made in the above-referenced ARP response as true, as See contends.

Finally, relative to See's argument that his detention is illegal because there is no "judge signed" commitment order supporting same, he has not pointed to any state or federal law requiring that a "judge signed" order was required to recommit him to physical custody when his parole was revoked.   La. R.S. 15:574.7 provides that parolees remain in the legal custody of the Department and that they "shall be subject to the orders and supervision *of the [B]oard*."   La. R.S. 15:574.7 [Emphasis added].  If a chief probation and parole officer has reasonable cause to believe that a parolee has violated the conditions of his parole, as in See's case, he shall notify the Board and shall cause the appropriate parole officer to submit the parolee's record to the Board.  After consideration of the record submitted and further investigation if necessary, the Board may order that the parolee be arrested, and upon arrest be given a prerevocation hearing within a reasonable time, to determine whether there is probable cause to detain the parolee pending "orders of the parole board."  *Id.*  La. R.S. 15:574.9E further provides that, when the parole of a parolee has been revoked by the Board for violation of the conditions of parole, as in See's case, the parolee "shall be returned to the physical custody of the Department . . . and serve the remainder of his sentence as of the date of his release on parole, subject to consideration by the board of any commutation of the sentence, and any diminution of sentence earned for good behavior while in the institution." La. R.S. 15:574.9E.  There is no requirement in either of the above statutes that a state court judge sign a written order returning or recommitting the parolee to the Department's custody.  Instead, a parolee's re-commitment to physical custody and detention are controlled by the decisions and actions of the Board.

10

The administrative record in this matter contains a document entitled "Authority to Hold," which is dated June 23, 2005 and which was issued to the Sheriff for East Baton Rouge Parish by the Board.  That document specifically advises that the Board held a revocation hearing, that See's parole was revoked, and that See must serve the balance of his sentence owed as of the time of release.  The document also serves as the Sheriff's "authority to hold [See] until further advised by the Department of Public Safety and Corrections."  Considering that document and the above-mentioned statutes, See's re-commitment to physical custody and detention appear to be in compliance with Louisiana law.[8]  Accordingly, this claim should also be denied for lack of merit.

### **RECOMMENDATION**

For the above reasons, it is recommended that the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by Jimmy See should be **DISMISSED WITH PREJUDICE**.

Signed in chambers in Baton Rouge, Louisiana, September 9, 2010.

_____

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[8] Although See relies upon the state court case of *State v. Davenport*, 520 So.2d 463 (La.App.5 Cir. 1988), in support of his final claim, that case held that there was no valid judgment of conviction/verdict because the trial judge had not signed a written judgment.  That case has no applicability herein, where See had already been validly convicted of attempted second degree murder and aggravated burglary, had been on parole from his sentence for those crimes, and had his parole revoked and was re-committed to the physical custody of the Department.  Under the Louisiana statutes discussed above, a written judgment by a state trial judge is not required to return him to physical custody upon revocation of his parole by the Board.

11